UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANJILOAK L. HATHAWAY,

    Plaintiff,

v.

COMMISSIONER OF

SOCIAL SECURITY,

    Defendant.
_____/

Case No. 14-cv-13964

Paul D. Borman
United States District Judge

Mona K. Majzoub
United States Magistrate Judge

OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE MAJZOUB'S NOVEMBER 3, 2015 REPORT AND RECOMMENDATION (ECF NO. 13), (2) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 14), (3) GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 12), (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 11) AND (5) AFFIRMING THE FINDINGS OF THE COMMISSIONER

Magistrate Judge Mona K. Majzoub issued a Report and Recommendation on November 3, 2015, recommending that this Court grant the Commissioner's Motion for Summary Judgment and uphold the Commissioner's decision that Plaintiff is not entitled to social security benefits for her physical and mental impairments. (ECF No. 13, Report and Recommendation.) Before the Court are Plaintiff's Objections to the Report and Recommendation (ECF No. 14) to which the Defendant has responded (ECF No. 15). Having conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court OVERRULES Plaintiff's Objections, ADOPTS the Magistrate Judge's Report and Recommendation, GRANTS Defendant's Motion for Summary Judgment (ECF

1

No. 12) DENIES Plaintiff's Motion for Summary Judgment (ECF No. 11) and AFFIRMS the findings of the Commissioner.

## I. BACKGROUND

The Magistrate Judge, having found no material inconsistencies between Plaintiff's and Defendant's account of the record in this matter, adopted the procedural and factual background of this matter as set forth by the Plaintiff in her motion for summary judgment. This Court likewise adopts that summary here. (Report and Recommendation 2-3.)

## II. STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. FED. R. CIV. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A non-specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court: "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific objections enable the Court to focus on the particular issues in contention. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a

valid objection. *Id.* Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Id.*

In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted). "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247.

**III.   ANALYSIS**

On April 28, 2011, Plaintiff was found "not disabled" by ALJ John Dodson in a prior

3

application for disability benefits. Tr. 86-95. In the present disability application, ALJ McKay was bound by this determination unless she found new and material evidence of changed circumstances. *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997) (holding that social security claimants and the Commissioner are barred by principles of *res judicata* from relitigating issues previously determined in a prior disability determination unless the claimant provides proof that her condition has worsened to such a degree that she is no longer capable of engaging in substantial gainful activity).

In her objections, Plaintiff does not dispute that *Drummond* requires her to submit evidence of worsening of her condition since ALJ Dodson's April 28, 2011 decision. Her sole objection is to the Magistrate Judge's determination that substantial evidence supports ALJ McKay's determination that Plaintiff has failed to present such evidence here.

Plaintiff argues that the Magistrate Judge failed to take note of a worsening of her condition as allegedly evidenced by an October, 2011 MRI Report that noted interval development of additional small lesions in the periventricular and juxtacortical deep white matter bilaterally, but no evidence of associated enhancements. Tr. 246-47. However, as the Magistrate Judge noted, a February 26, 2011 brain MRI revealed that Plaintiff had three small lesions in the white matter bilaterally. Tr. 252-53. In his October, 2011 MRI Report, Dr. Nefcy noted that "[e]xcept for the additional small lesions seen in the deep white described above, *which may have been present but obscured in the prior study*, the overall appearance of the brain is unchanged." Tr. 247. (Emphasis added). Additionally, subsequent studies revealed that in fact Plaintiff's condition and related symptoms had improved. A June 2011 EEG was normal. Tr. 237. A January 2012 neurology report states that Plaintiff's family members felt her condition had "greatly improved." Tr. 228.

4

Significantly, following a July 2012 brain MRI, Dr. Nefcy found no evidence of intracranial hemorrhage, mass lesion or enhancing abnormality, very few small faint lesions scattered throughout the brain that "remain unchanged and no new lesion is identified to indicate interval progression of disease and there is no evidence of associated enhancement." Tr. 365. In his July 2012 MRI Report, Dr. Nefcy concluded that: "The overall appearance of the brain does not appear to have changed significantly since the prior study on 10-7-11." Tr. 366.

Magistrate Judge Majzoub correctly concluded that this substantial evidence supports the ALJ McKay's conclusion that there was insufficient evidence in the record of a worsened condition such that a departure from ALJ Dodson's April, 2011 decision was warranted in this case.

## IV.   CONCLUSION

Having conducted a *de novo* review of those parts of Magistrate Judge Majzoub's Report and Recommendation to which Plaintiff filed specific objections, the Court concludes that Magistrate Judge Majzoub's November 3, 2015 Report and Recommendation correctly concluded that ALJ McKay's determination, that there was insufficient evidence of a worsening of Plaintiff's condition to warrant departure from the previous ALJ's binding decision, was supported by substantial evidence. Accordingly, the Court:

1) OVERRULES the Plaintiff's Objections (ECF No. 14);

2) ADOPTS Magistrate Judge Majzoub's November 3, 2015 Report and Recommendation (ECF No. 13);

3) GRANTS the Commissioner's Motion for Summary Judgment (ECF No. 12);

4) DENIES the Plaintiff's Motion for Summary Judgment (ECF No. 11);

5) AFFIRMS the findings of the Commissioner; and

6) DISMISSES Plaintiff's Complaint WITH PREJUDICE.

IT IS SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: March 3, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 3, 2016.

s/Deborah Tofil  
Case Manager